Michael Ateek appeals from a judgment, entered after a bench trial, finding for the defendant Boston Housing Authority (BHA) on Ateek's establishment clause and discrimination claims.[2] We affirm.
Background. The judge found that the BHA owns and manages a public housing development known as the Holgate Apartments (Holgate), where Ateek is a tenant. Holgate has a common room that its tenants use for a variety of leisure activities. Sometime in 2009 or 2010, members of a tenants' association hung colored, light-emitting diode (also known as LED), string lights in the common room, and maintained them there with the BHA's permission.[3] The string lights remain up all year; while Ateek testified that he had "only seen them lit during the Christmas holiday period," the property manager testified that the lights had not been turned on since she started her position in May of 2016 and that she had no reason to believe they had ever been turned on.[4] She further testified that the lights were considered "a form of just basic decoration. There are [a] number of different things in the community room that are just forms of decoration[:] plants, pictures, [et cetera]."
Ateek complained that the lights' presence and occasional use in the common room established a State-sponsored religion in violation of the establishment clause of the First Amendment to the United States Constitution. The judge found as fact that the lights were available to "all BHA tenants at Holgate ... without regard to their religion" for "festive use including both religious celebration (Christmas, Chanukah or other holidays) and secular celebration (birthdays, anniversaries, national holidays, parties or other festive occasions)."
Discussion. On appeal, Ateek proceeds on the assumption that the case is governed by the three-part test for establishment clause challenges to statutes that was set forth in Lemon v. Kurtzman, 403 U.S. 602, 612-613 (1971). "Under the Lemon analysis, ... a court must consider three factors: 'First, the statute must have a secular legislative purpose; second, its principal or primary effect must be one that neither advances nor inhibits religion; finally, the statute must not foster "an excessive government entanglement with religion." ' " Freedom From Religion Foundation v. Hanover Sch. Dist., 626 F.3d 1, 9 (1st Cir. 2010), cert. denied, 564 U.S. 1004 (2011), quoting from Lemon, supra.
We approach the case on the basis Ateek suggests, examining the BHA's action, or inaction, in light of the three Lemon factors.[5] We stress at the outset, however, that there was no evidence or finding that the BHA itself hung the lights or mandated their use. Instead, the BHA appears merely to have tolerated their presence and their use by tenants. There was no evidence or finding that the lights were-or were perceived as being-furnished, sponsored, or endorsed by the BHA.
As to the first Lemon factor, there was no evidence or finding that the purpose of the BHA's action in tolerating the presence of the lights-hung by tenants and available for their use without regard to their religious beliefs or the religious or secular nature of the occasion-was anything other than secular. Although Ateek testified that he personally had "only seen them lit during the Christmas holiday period," the judge was not obliged to conclude, from this limited evidence about tenants' use of the lights, that the BHA's purpose in tolerating the lights presence had anything to do with religion.
As to the second Lemon factor, the judge found "no evidence that the presence of the string lights had a principal or primary effect of either advancing an established religion or inhibiting any religion or religious practice at the BHA development." On appeal, Ateek argues that "[t]he religion of Christmas was advanced unduly, inhibiting [his] belief in Judaism." This bare assertion, unsupported by any record evidence or citation to legal authority, is insufficient to overcome the judge's conclusion.[6]
As to the third Lemon factor, the judge found "no evidence that the BHA by its actions or inactions with respect to the presence of string lights in the common room caused any excessive governmental entanglement with religion." On appeal, Ateek expressly concedes that he "concurs with the decision on this point."
Conclusion. After considering the Lemon factors and Ateek's arguments, we see no reason to disturb the judgment.
Judgment affirmed.

On appeal, Ateek expressly abandons his discrimination claim, which appears to have involved an interaction with a BHA security guard.

Ateek's brief on appeal argues that there was no evidence that a tenants "task force" had any role in installing or maintaining the lights. The judge's decision, however, referred only to a tenants "association," and Ateek does not explain what relationship, if any, there might be between the "task force" and the "association," or how that issue bears on his establishment clause claim.

In November of 2016 the BHA removed the lights to perform "pest management and basic maintenance cleanup of the area." The lights had not been rehung by the time of trial, and the property manager testified that as far as she was aware there were "no plans to hang lights on the surrounding perimeter of the room because we have brand new energy efficient light fixtures that now are hanging in the room." For the purpose of Ateek's claims, however, the judge assumed that the lights would be rehung after the BHA completed repairs.

We therefore need not reach Ateek's argument that the BHA erred in relying on the establishment clause analysis in County of Allegheny v. American Civil Liberties Union, Greater Pittsburgh Chapter, 492 U.S. 573 (1989), abrogated on other grounds, Greece v. Galloway, 134 S. Ct. 1811 (2014).

Ateek argues that the judge misplaced reliance on American Atheists, Inc. v. Port Authy. of N.Y. & N.J., 760 F.3d 227 (2d Cir. 2014). As we read the judge's decision, however, he cited the case only for its statement of the second Lemon factor, not for any analogy between the facts of the case and the facts of this one.